**UNITED STATES of America, Plaintiff–Appellee**

v.

**Raul SANCHEZ–PEREZ, Defendant–Appellant.**

**No. 13–11228**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 10, 2014.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Monica F. Markley, Federal Public Defender's Office, Fort Worth, TX, Helen Miller Liggett, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Lubbock, TX, for Defendant–Appellant.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Raul Sanchez–Perez pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced Sanchez–Perez within the guidelines range to 50 months of imprisonment, to be followed by three years of supervised release. For the first time on appeal, Sanchez–Perez argues that the district court erred in imposing a term of supervised release in a case involving a deportable alien without providing fact-specific reasons for its decision to deviate from U.S.S.G. § 5D1.1(c)'s recommendation that supervised release not be imposed in such circumstances. We review this argument for plain error. *See United States v. Dominguez–Alvarado,* 695 F.3d 324, 327–28 (5th Cir.2012).

The district court retains the discretion to impose supervised release in "uncommon cases [involving a deportable alien] where added deterrence and protection are needed." *Id.* at 329. In sentencing Sanchez–Perez, the district court specifically stated that supervised release was imposed as an additional potential sanction should Sanchez–Perez attempt to return illegally. Consequently, Sanchez–Perez

has shown no plain error on the part of the district court in imposing a term of supervised release. *See id.* at 329–30; *see also United States v. Becerril–Pena,* 714 F.3d 347, 349–51 (5th Cir.2013).

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR R. 47.5.4.

